THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* PETER CORCORAN, JOHN O'BRIEN, JOHN TOUHEY and JAMES MOORE, Defendants.

(Supreme Court, New York Special Term, March, 1901.)

Crimes — Unlawfully entering building — Penal Code, § 505.

> Proof that four professional thieves, acting in concert, enter a city bank in the daytime at which they have no business, that they presently go in and come out and converse upon an adjacent corner — these occurrences occupying about one hour — justifies a magistrate in committing them for trial upon a charge of unlawfully entering the building, under Penal Code, § 545.

HEARING on habeas corpus to procure the release of the four defendants, who were committed for trial by City Magistrate Hogan for violation of section 505 of the Penal Code.

James W. McLaughlin, for petitioners.

Eugene A. Philbin, District Attorney, for people.

McADAM, J. The complaint charges that the prisoners did willfully and unlawfully violate the provisions of section 505 of the Penal Code under the following circumstances, viz.: That at about ten forty-five A. M. on March 16, 1901, they entered and emerged several times from the building occupied by the Union Square Bank (borough of Manhattan); that they conversed with one another and again entered said premises; that they then stood together on the adjacent corner conversing, and again

entered said bank — these occurrences occupying about one hour. A police officer, regarding their conduct as suspicious, placed the accused persons under arrest, and the question is whether the circumstances stated are sufficient to warrant the holding of the prisoners under the statute referred to, which provides that " a person who, under circumstances or in a manner not amounting to a burglary, enters a building, or any part thereof, with intent to commit a felony or a larceny  *  *  *  is guilty of a misdemeanor." In addition to the circumstances stated, the fact is clearly sworn to that the prisoners are professional thieves and that their pictures are in the rogues' gallery at police headquarters. In order °to convict under this section no forcible entry is required. The entry, no. matter how peaceable, if " with intent to commit a felony or a larceny," is a misdemeanor. The intent essential must, in the nature of things, be determined from the facts and circumstances, and these are for the consideration of a jury. The facts that four professional thieves, acting in concert, enter a bank in this city having no business calling them to the bank; that they frequently go in and come out from said bank, and that they converse together on the adjacent corner, point to an intent to commit a felony or a larceny, and unexplained are sufficient to warrant a conviction. The prisoners were properly committed for trial, and the writ must be dismissed.

Writ dismissed.